IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EUGENE A. MAYFIELD | § | |
| v. | § | CIVIL ACTION NO. 2:07cv258 |
| U.S. ATTORNEY GENERAL | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Eugene Mayfield, proceeding *pro se*, filed this application for the writ of habeas corpus purportedly under 28 U.S.C. §2241 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mayfield was convicted on January 3, 2003, of possession of cocaine with intent to distribute. On May 20, 2003, he was sentenced to 124 months in prison, followed by four years of supervised release.

Mayfield did not appeal his conviction, but filed a habeas corpus application on January 8, 2004, which was dismissed for want of jurisdiction. On October 25, 2004, Mayfield filed a Section 2255 motion to vacate or correct his sentence, which was denied on October 5, 2005. He appealed this decision, and the Fifth Circuit dismissed his appeal on November 9, 2006.

On June 18, 2007, Mayfield filed the present petition. He styles it as an "extraordinary writ" under 28 U.S.C. §2241, and asks that his criminal conviction be declared void. In his petition, Mayfield argues that: (1) Title 18 of the United States Code is unconstitutional and was unlawfully enacted; (2) the District Court unlawfully proceeded with the prosecution of Mayfield without making a legal finding that it had subject matter jurisdiction; (3) the District Court failed to establish

either personal or subject matter jurisdiction in that there was no showing that the alleged offense took place in the Eastern District of Texas; and (4) Mayfield received ineffective assistance of counsel.

In support of these grounds, Mayfield alleged that Public Law 80-772, from which 18 U.S.C. §3231 (relating to the jurisdiction of the federal district courts) was derived, was never properly enacted, thus depriving the Court of jurisdiction over him. He also says that counsel was ineffective for failing to research the issue of jurisdiction, which Mayfield says violated his right to effective assistance of counsel and caused him to be confined in violation of 18 U.S.C. §4001, which provides that no citizen may be imprisoned or otherwise detained except pursuant to an Act of Congress.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed.  The Magistrate Judge noted that Mayfield had previously sought relief under 28 U.S.C. §2255 which had been denied.  Although Mayfield characterized his present pleading as an action under 28 U.S.C. §2241, the Fifth Circuit has held that a Section 2241 petition which challenges the validity of a federal sentence, as Mayfield's does, must either be dismissed or construed as a section 2255 motion to vacate or correct sentence.  A prisoner may only challenge the validity of his conviction in a Section 2241 proceeding if the remedy under Section 2255 is "inadequate or ineffective."  Mayfield made no showing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention, and so the Magistrate Judge concluded that the Section 2241 petition was actually a successive Section 2255 motion.  Mayfield has not shown that he has obtained permission to file a successive Section 2255 motion, and so the Magistrate Judge said that the present petition could be dismissed on that basis.

The Magistrate Judge also reviewed Mayfield's claims and determined that these lacked merit.  His claims regarding Public Law 80-773 have been considered and rejected by other courts as well as the Eastern District of Texas, and his assertion that there was no showing that the offense took place in the Eastern District of Texas is belied by Mayfield's guilty plea to Count One

2

of the indictment, which count reflects that the offense took place in this District.  Finally, the Magistrate Judge stated that Mayfield's claim of ineffective assistance lacked merit because none of the issues which he believes that his attorney should have raised would have contained any merit. The Magistrate Judge therefore recommended that the petition be dismissed and that Mayfield be denied a certificate of appealability *sua sponte*.

A copy of the Magistrate Judge's Report was sent to Mayfield at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge, and has determined that this Report is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Eugene Mayfield is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 16th day of May, 2008.

_T. John Ward_

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE